## J. A. ROSEN, ADMR., *v.* AUSTIN HOLLAND.

[Abstract Kentucky Law Reporter, Vol. 6—225.]

**Fraudulent Representations.**

When as a defense to a suit to recover purchase-money and to enforce a vendor's lien it is set up by defendant that plaintiff made false representations as to title and quantity of land the burden is on him to prove his allegations, and where the evidence shows his entry and possession and acceptance of the deed and he fails to prove the fraudulent representations he will fail.

## APPEAL FROM METCALFE CIRCUIT COURT.

September 27, 1884.

OPINION BY JUDGE HINES:

This action was instituted by appellant against appellee to recover purchase-money for land and to enforce a lien for its payment. The petition sets forth the contract of sale, exhibits the notes executed and sued on and describes the land by metes and bounds. The petition also alleges the execution and acceptance by appellee of a deed with general warranty. Appellee for defense says that appellant had no title to the land and that he fraudulently represented that there were seventy acres in the tract when in fact there were only fifty acres. There is no claim of eviction, but on the contrary an admission of entry and occupancy under the deed, appellee alleging that he was induced to accept the deed by the false and fraudulent representations of the vendor as to title and quantity of land. There is no allegation of the insolvency of the vendor, nor any issue as to the identity of the land. The burden of proof as to the fraudulent representations of the vendor as to the quantity of land was upon the vendee or appellee, but he exhibited no proof whatever, but appellant showed title and pos-

session running back to 1823. The court below gave judgment for the appellee upon the ground that there was no sufficient description of the land in the petition and no sufficient identification of it by proof. As we have stated the petition describes the land by courses, distances and corners and as to the matter of identity, appellee's pleadings admit that.

Judgment *reversed* and cause remanded with directions to enter judgment as prayed in the petition for the amount claimed and for the enforcement of the mortgage lien.

*Rollen Hurt, for appellant.*